## In re SCHNEIDER'S ESTATE.
### No. 5269–A.

District Court of Alaska. First Division. Juneau.
March 25, 1946.

H. D. Stabler and Simon Hellenthal, both of Juneau, for executrix.

R. E. Robertson and M. G. Monagle, both of Juneau, for claimant.

KEHOE, District Judge.

This cause originated in the Probate Court for the Sitka Precinct, First Division.

Carl Rubenstein made a claim against the estate of Edward Schneider which was rejected by the executrix of that estate. The Probate Court likewise rejected it. Rubenstein thereupon attempted this appeal.

So much of Section 4572, Compiled Laws of Alaska, 1933, as is pertinent, is as follows:

"Sec. 4573. In the case of decedents any * * * creditor * * * may file with the Commissioner exceptions to any order of such commissioner * * * rejecting claims. Upon the filing of such exception the Commissioner * * * shall make a transcript of all files, papers, and evidence pertaining to such order * * * and forward the same to the Clerk of the District Court."

Section 4573 provides that:

"Upon the filing of such exceptions the District Judge shall proceed on due notice to hear and determine the same at such time and in such manner as he shall prescribe by order, and for that purpose may receive and entertain affidavits and depositions or hear oral evidence."

The executrix moves to dismiss the appeal on the grounds: first, that no transcript containing all files, papers and evidence pertaining to the order of the Probate Court have been filed; second, that no appeal has been taken or perfected within the time provided by law or the rules of this court; third, that 19 months have elapsed since the entry of the order of the Probate Court rejecting the claim, and no extension of time in which to file the transcript has been requested or granted by the District Court; and fourth, that no undertaking for costs of appeal has been filed.

Our statute on appeals from the Probate Court sets no time in which appeals from the Probate Court may be taken. This deficiency, however, is supplied by Rule 33 of the District Court, which provides as follows:

"Appeals from the Commissioner's Court in probate cases shall be taken and allowed within thirty (30) days after the entry of the order or decree from which the ap-

peal is taken, and not thereafter. Upon filing of exceptions and a notice of appeal, and within thirty (30) days thereafter, the Commissioner shall transmit the record in the cause under the seal of the Probate Court to the Clerk of this court. The Commissioner may require the appellant to pay the costs of such record and he shall not be required to transmit the record unless said costs are paid.

"Should the Commissioner fail or neglect to transmit the record within thirty (30) days, through no fault of appellant, the appellant may by application to the Judge or Court, obtain an extension of such time not to exceed ninety (90) days."

It appears from an inspection of the files in this matter that on September 20, 1944, a paper designated as "Findings of Fact and Order Rejecting Claim" was filed in the District Court. This is the only paper filed, except certain depositions and exhibits pertaining to the appeal from the decision of the Probate Court rejecting the Rubenstein claim. No notice of appeal is filed. No exceptions to the order of the Probate Court are filed. No other "files, papers and evidence pertaining to such order or proceeding" are filed except as above noted. The rejected claim itself is not filed.

In the "answer to executrix's motion for order dismissing the pretended appeal," filed on March 16, 1946, counsel for claimant set forth what amounts to a plea of confession and avoidance wherein it is alleged that during September, 1944, after the entry of the order of the Probate Court rejecting the Rubenstein claim, they requested the Probate Court to forward to the District Court its transcript, papers and documents in the case. They allege they served copy of a notice of appeal on attorney for the executrix and gave oral notice of appeal in the Probate Court in his presence at the time of the entry of the Probate Court's order. They further allege that on September 20, 1944, the order of the Probate Court rejecting the claim was filed as No. 5269-A on the dockets of this court and

that at that time they paid the docket fee required by this court.

It appears that at the time of paying the deposit in the case upon the filing in this court of the findings and order of the Probate Court counsel for claimant knew or at least had opportunity for knowing that no notice of appeal was filed with the order, no rejected claim was filed, and no exceptions were filed. Nevertheless, they ask now that this Court assume jurisdiction of the case and determine the matter solely on the findings and order of the Probate Court.

For over one and one-half years this order of the Probate Court has reposed in the files of this case, open to the inspection of those responsible for its filing. No effort whatever has been made during this long time to comply with the requirements of the statute on appeals. To seek now to invoke the jurisdiction of this Court on the record before it is to ask that the Court disregard the plain requirements of the statute, to set aside the rules of the Court, and to supply at this late date what it has been within the power of the claimant to do but which he has wholly failed to do. It is now asserted that it is inequitable to deny claimant a hearing on the merits. As to this, it is sufficient to say that equity aids the vigilant and not those who slumber on their rights.

After the filing of the motion to dismiss the appeal it is too late to supply deficiency in the pretended appeal.

For the reasons stated the motion to dismiss the appeal will be granted.